UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE RICHARDSON

     Plaintiff,

vs.

FAMOUS BOURBON MANAGEMENT
GROUP, INC. AND FIORELLA'S ON
DECATUR, INC., D/B/A JAZZ CAFÉ,
FIORELLA'S CAFÉ AND BEERFEST.

     Defendants.

CIVIL ACTION NO.: 15-5848

SECTION: H
JUDGE JANE TRICHE MILAZZO

MAGISTRATE: 3
MAGISTRATE DANIEL E. KNOWLES, III

## LAWRENCE RICHARDSON' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FIORELLA'S ON DECATUR, INC.

Lawrence Richardson ("Plaintiff"), through undersigned counsel, propounds the following Interrogatories and Requests for Production of Documents upon Fiorella's on Decatur, Inc., d/b/a Jazz Café, Fiorella's Café and Beerfest ("Defendant") pursuant to the Federal Rules of Civil Procedure. These requests are made continuing in nature to the fullest extent required by law. You are specifically requested to supplement and amend all of your answers and responses on an on-going basis.

## INSTRUCTIONS AND DEFINITIONS

1.    Each Interrogatory and Request for Production of Documents solicits information and documents within the custody and/or control of the Defendant, including that information obtainable by Defendant from Defendant's attorneys, investigators, agents, employers, and representatives.

2.    Each sub-part of each Interrogatory is to be answered separately.

3.    These Interrogatories are to be answered in detail. If you cannot answer the Interrogatories in full, answer to the extent possible and explain your inability to answer the remainder.

4.      Unless otherwise indicated, all information sought is for the period of time covered by the allegations in Plaintiff's Complaint.

5.      These requests are deemed to be continuing in nature, calling for further responses at such time as additional information or documents become known or reasonably available to you.

6.      If any of the answers to the Interrogatories can be derived from papers, records, tape recordings or documents in your possession, or under your control, such as maintenance records, proposals and invoices, please attach a copy thereof to your answer, or in the alternative, please describe each of said documents with specificity and state where and when these documents will be available to Plaintiff for inspection and copying.

7.      If you contend that the answer to any Interrogatory or Request for Production of Documents is privileged, in whole or in part, or if you otherwise object to any part of any request, state the reasons for such objection, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

8.      If you object to the production of any document on the ground of privilege, provide the following information:

        a.      A description of the document and its subject matter;

        b.      The identity of the author of the document;

        c.      The identity of the person(s) to whom the document was addressed;

        d.      The identity of all persons who received copies of the documents; and

        e.      A description of the nature of the privilege claimed.

9.      Where identification of a document is requested, the following shall be separately stated as to each document:

        a.      its date;

        b.      its exact title;

        c.      the general subject matter of the document;

       d.       the name of the author, his or her business affiliation, presently and at the time the document was prepared, and his or her last known address;

       e.       the name, business affiliation (both presently and at the time he of she received the document), and the last known address of the recipient(s);

       f.       and the identification and location of the files where the original and each copy is normally or presently kept.

10.      Where the identification of a person is requested, the following shall be separately stated as to each person:  the name, current or last known address and phone number.  If such a person is not an individual, but is an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications occurred relating to the matter involved.

11.      As used herein, the use of the singular form of any word includes the plural and vice versa.

12.      As used herein, the collectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.      As used herein, "person" shall mean an individual, partnership, proprietorship, corporation, association, and any other kind of business or legal entity.

14.      As used herein, when referring to a person, "identify" means to give the person's full name, present or last known address, and when referring to a natural person, the last know place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery.

15.      As used herein, the pronoun "you" refers to the Defendant and its agents and representatives.

16.      As used here, "document", "documents" or "documentation" shall have the broadest meaning possible pursuant to the Federal Rules of Civil Procedure, including without limitation, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation,

correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletype, telefax, confirmations, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, videotape, records, and motion pictures, and electronic, mechanical, or electric records and representations of any kind including, without limitation, tapes, cassettes, discs, and recordings.

17.    Documents also means any and all information stored in computers, including but not limited to computer software, storage banks, hard disks, electronic mail, back-up programs, and tape back-ups.

18.    As used herein, "correspondence", "communicate" or "communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, telecopier, mail, e-mail, facsimile, or otherwise.

19.    As used herein, "relate to", "relating to" or "in connection with" shall mean directly or indirectly, in whole or in part, commenting on, including, containing, regarding, discussing, reflecting, pertaining to, relevant to, used in connection with, referring to, concerning, describing, evidencing, or constituting, and shall be construed in the broadest sense of the work.

20.    As used herein, "claim" shall mean the Plaintiff's claims as alleged in the Complaint.

21.    "Any" shall mean each and every.

22.    The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in,

beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiffs' records.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who participated in any way in Defendant's decision to pay Plaintiff in the manner and amount so done.

**INTERROGATORY NO. 2:**

Identify all policies and procedures in place related to the job duties and/or assignments of Plaintiff.

**INTERROGATORY NO. 3:**

Identify all policies and procedures put in place by Defendant to accurately track, record and account for all hours worked per week by Plaintiff.

**INTERROGATORY NO. 4:**

Identify all policies and procedures put in place by Defendant to accurately track, record and account for how much was paid to Plaintiff.

**INTERROGATORY NO. 5:**

Please state by what method Plaintiff was paid by Defendant and how often he was paid.

**INTERROGATORY NO. 6:**

Please describe how employees in the positions held by Plaintiff was scheduled to work each week.

**INTERROGATORY NO. 7:**

Please identify who created work schedules for Plaintiff.

**INTERROGATORY NO. 8:**

Please describe the job descriptions, duties and/or responsibilities while working for Defendant for Plaintiff.

**INTERROGATORY NO. 9:**

Please identify all persons who supervised Plaintiff while he worked for Defendant.

**INTERROGATORY NO. 10:**

Please identify the person or persons who hired Plaintiff work for Defendant.

**INTERROGATORY NO. 11:**

Please identify all procedures whereby Defendant kept track of who it hired during the period from November 2012 to the present.

**INTERROGATORY NO. 12:**

Please identify the person or persons responsible for calculating the amount paid to Plaintiff.

**INTERROGATORY NO. 13:**

Please identify the person or persons responsible for issuing pay to Plaintiff while he was employed by Defendant.

**INTERROGATORY NO. 14:**

Identify and describe all contracts between Plaintiff and Defendant.

**INTERROGATORY NO. 15:**

State the name, address, and job title or capacity of each person from the Department of Labor or any other governmental or investigative that has been in contact with Defendant regarding wages paid to its employees from November 2012 to the present and the date of such contact or investigation.

**INTERROGATORY NO. 16:**

State the name of any person or entity with an ownership interest in Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 17:**

State the name of any person or entity with management interest in Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 18:**

State the gross annual income for Jazz Café, Fiorella's Café and Beerfest for 2012, 2013, 2014 and 2015.

**INTERROGATORY NO. 19:**

State the relationship between and ownership of Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 20:**

State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**

All documents concerning Plaintiff including, but not limited to:

(a) Hours (including dates) of work

(b) Remuneration

(c) Bonuses or commissions (or nonpayment of bonuses or commissions)

(d) Deductions from pay

(e) Expense reimbursements

(f) Employment Benefits

(g) Job duties

(h) Job performance

(i) Application for employment

(j) Job references

(k) Personnel file

(l) Cessation of employment

**REQUEST FOR DOCUMENTS NO. 2:**

All documents concerning Defendant, including but not limited to:

(a) Relationship to any other Defendant

(b) Incorporation

(c) Whether any other individual or entity, named or unnamed, may be liable to Plaintiff herein.

(d) Employment policies applicable to Plaintiff.

(e) All registers, statements or other bookkeeping or ledger with respect to the payment of wages or benefits to Plaintiff.

(f) Any agreements under which any individual or entity may be liable for any part
of a judgment entered herein.

**REQUEST FOR DOCUMENTS NO. 3:**

All forms used to record hours or wages of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 4:**

All documents concerning whether the Defendant(s) is an enterprise engaged in
commerce, including but not limited to, gross revenues of Defendant(s).

**REQUEST FOR DOCUMENTS NO. 5:**

Documents concerning reports, documentation or communiqué regularly generated
by Plaintiff while working for defendant.

**REQUEST FOR DOCUMENTS NO. 6:**

Documents concerning notices, documentation or communiqué regularly sent to
Plaintiff by Defendant and/or its agents or others on its behalf.

**REQUEST FOR DOCUMENTS NO. 7:**

All documents concerning your payment of taxes for the labor performed by
Plaintiff.

**REQUEST FOR DOCUMENTS NO. 8:**

All documents concerning the payment of Plaintiff for his labor on your operations.

**REQUEST FOR DOCUMENTS NO. 9:**

All documents concerning any review, investigation or opinion pertaining to the
legality or propriety of Defendant's non-payment of time-and-one-half overtime pay to
Plaintiff.

**REQUEST FOR DOCUMENTS NO. 10:**

All documents concerning communication between any governmental entity and
any Defendant regarding overtime, including but not limited to all correspondence sent to
the Department of Labor by Defendant and/or its agents or any correspondence received
from the Department of Labor by Defendant and/or its agents.

**REQUEST FOR DOCUMENTS NO. 11:**

All documents concerning any complaints by any individual or entity concerning
Defendant's non-payment of overtime pay. Include any informal or formal complaints,
responses, analyses, settlements or resolutions and all other related documents.

**REQUEST FOR DOCUMENTS NO. 12:**

Any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against you or to indemnify or reimburse for payments to satisfy such judgment or to provide legal representation to you.

**REQUEST FOR DOCUMENTS NO. 13:**

All statements or writings or documents signed or authored or purportedly transcribing or recording statements of Plaintiff concerning their employment, pay or leave, or matters related to the claims or defenses herein.

**REQUEST FOR DOCUMENTS NO. 14:**

All communications from Plaintiff to Defendant and/or from Defendant to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 15:**

All communications, including emails, concerning Plaintiff in any way.

**REQUEST FOR DOCUMENTS NO. 16:**

Any handbook or statements of policies pertaining to Plaintiff. Include all prior versions of such handbooks which were applicable to said individuals during their work.

**REQUEST FOR DOCUMENTS NO. 17:**

All complaints, answers, judgments or settlements of all lawsuits or other legal proceedings involving any Defendant, including any Department of Labor investigations, that relate to the issues alleged in the Complaint.

**REQUEST FOR DOCUMENTS NO. 18:**

All documents or other tangible evidence concerning any of Defendant's affirmative defenses, organized by the defense to which such evidence, if any, pertains.

**REQUEST FOR DOCUMENTS NO. 19:**

Records reflecting all payroll taxes paid and/or submitted by the Defendant to the IRS for the three (3) years prior to the institution of the current litigation.

**REQUEST FOR DOCUMENTS NO. 20:**

All documents regarding whether any Plaintiff are exempt from the FLSA.

**REQUEST FOR DOCUMENTS NO. 21:**

All documents identified in your Rule 26 Disclosures.

**REQUEST FOR DOCUMENTS NO. 22:**

The incorporation documents for Defendant.

**REQUEST FOR DOCUMENTS NO. 23:**

All documents reflecting or tracking Defendant's monitoring the hours worked by Plaintiff.

**REQUEST FOR DOCUMENTS NO. 24:**

All documents reflecting or tracking Defendant's payment of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 25:**

All documents written by or to any person who has investigated or reported on the matters alleged in the Complaint on behalf of the Defendant.

**REQUEST FOR DOCUMENTS NO. 26:**

Any and all documents or other tangible evidence which Defendant will proffer as evidence at trial of this matter. Please identify all such documents, but only produce those documents or pieces of evidence not previously produced in a previously numbered request. However, any documents which have been previously produced should be identified in response to this request but not produced again.

**REQUEST FOR DOCUMENTS NO. 27:**

Any and all documents which support or evidence compensation paid to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 28:**

Any records or personnel file Defendant kept on Plaintiff.

**REQUEST FOR DOCUMENTS NO. 29:**

Any and all documents which reflect or set forth the job duties and responsibilities during employment of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 30:**

If you claim that Plaintiff did not work for you, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 31:**

If you claim that Plaintiff worked for another entity, named or unnamed, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 32:**

Any and all documents that relate or pertain to the attendance record of Plaintiff while employed by Defendant, including, but not limited to, sign in and sign out sheets,

time cards and/or computerized time sheets.

**REQUEST FOR DOCUMENTS NO. 33:**

All documents bearing Plaintiff's signature.

**REQUEST FOR DOCUMENTS NO. 34:**

Documents reflecting the gross revenues of any and all Defendants for the last 5 years.

**REQUEST FOR DOCUMENTS NO. 35:**

Any and all written contracts or agreements entered into between you and Plaintiff.

**REQUEST FOR DOCUMENTS NO. 36:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and Plaintiff.

**REQUEST FOR DOCUMENTS NO. 37:**

Any and all written contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff in whole or in part, in any way.

**REQUEST FOR DOCUMENTS NO. 38:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff in any way, in whole or in part.

**REQUEST FOR DOCUMENTS NO. 39:**

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person that mention, discuss or refer to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 40:**

All written job descriptions and job duties for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 41:**

All documents and communications relating to your document and data retention policies and practices, and your preservation of information relevant to this case.

**REQUEST FOR DOCUMENTS NO. 42:**

All documents and communications relating to hiring and/or supervising Plaintiff.

**REQUEST FOR DOCUMENTS NO. 43:**

All documents reflecting work schedules for Plaintiff during the period from Novemebr 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 44:**

All tax records and tax documents relating to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 45:**

All tax records for Jazz Café, Fiorella's Café and Beerfest.

**REQUEST FOR DOCUMENTS NO. 46:**

All payroll records, including compensation records, payroll files (hard copy and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 47:**

All documents and communications relating to the compensation of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 48:**

All documents concerning or identifying all time-keeping records applicable to Plaintiff during the period from October 2012 to the present.  This request includes all electronic time-keeping systems, including, without limitation, card swipe, hanging imaging and punch-clock systems, and any other systems used to track work time.  It also includes all records concerning edits, changes, alterations, adjustments of time records, in both electronic and paper form.  This request further includes any summaries, reports, or compilations of hours worked by non-exempt hourly employees.

**REQUEST FOR DOCUMENTS NO. 49:**

All documents reflecting policies, guidelines, or practices pertaining to the administration, preparation, completion, and/or maintenance of timekeeping records for Plaintiff from October 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 50:**

All documents concerning every time-keeping system or procedure that Defendant has utilized from October 2012 to the present.  This request includes, without limitation, all operational manuals, training manuals, policies and instructions, and

operational updates provided to employees with respect to each time-keeping system.  It also includes all such documents provided to you or by you with respect to implementing and operating each system.

**REQUEST FOR DOCUMENTS NO. 51:**

All documents which constitute or pertain to any agreement between Plaintiff and Defendant relating to compensation in effect during the period from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 52:**

All documents reflecting methods, policies, procedures, guidelines, or practices of Defendant during the period from November  2012 to the present regarding Plaintiff.

**REQUEST FOR DOCUMENTS NO. 53:**

All documents or other records pertaining to any employee's request(s) for overtime compensation during the period from November 2012 to the present.

**REQUEST  FOR DOCUMENTS NO. 54:**

All documents or other records pertaining to any employee's concern(s), question(s), and/or complaint(s), whether formal or informal, oral or written, during the period from November 2012 to the present regarding the denial or possible denial of overtime compensation.  This request includes, but is not limited to, a request for any response by Defendant, its managers, and/or other employees to such concern(s), question(s), and/or complaint(s).

**REQUEST FOR DOCUMENTS NO. 55:**

All documents concerning, reflecting, or identifying the time when pay starts during the workday for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 56:**

All documents concerning, reflecting, or identifying the time when pay ends during the workday for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 57:**

All documents that identify the pay rates for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 58:**

All documents that summarize, describe, or refer to Plaintiff from October 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 59:**

All documents tracking the daily work activities or assignments of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 60:**

All insurance policies carried by Defendant, including, but not limited to, liability insurance, worker's compensation insurance, business travel insurance, or automobile insurance, under which a colorable claim for coverage in any manner (*e.g.*, primary, pro-rata, or excess liability coverage or medical expense coverage) might be made for unpaid wages, damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this litigation.

**REQUEST FOR DOCUMENTS NO. 61:**

All human resource manuals, handbooks, policy statements, memoranda, and other documents that pertain to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 62:**

All employee manuals provided to your employees.

**REQUEST FOR DOCUMENTS NO. 63:**

All sworn affidavits or declarations Defendant has collected for the purposes of this action.

**REQUEST FOR DOCUMENTS NO. 64:**

Any and all documents identifying the members and officers of Defendant.

**REQUEST FOR DOCUMENTS NO. 65:**

Any and all documents identifying the relationship between and ownership and management of Jazz Café, Fiorella's Café and Beerfest.

**REQUEST FOR DOCUMENTS NO. 66:**

Documents reflecting all business owned and operated by Fiorella's on Decatur, Inc.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiffs and the FLSA
Collective Plaintiffs

## CERTIFICIATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record

this the 8th day of April, 2016.

*/s/ Mary Bubbett Jackson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE RICHARDSON

    Plaintiff,

    vs.

FAMOUS BOURBON MANAGEMENT
GROUP, INC. AND FIORELLA'S ON
DECATUR, INC., D/B/A JAZZ CAFÉ,
FIORELLA'S CAFÉ AND BEERFEST.

    Defendants.

CIVIL ACTION NO.: 15-5848

SECTION: H
JUDGE JANE TRICHE MILAZZO

MAGISTRATE: 3
MAGISTRATE DANIEL E. KNOWLES, III

---

### LAWRENCE RICHARDSON'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS FIORELLA'S ON DECATUR, INC. AND FAMOUS BOURBON MANAGEMENT GROUP, INC.

Lawrence Richardson ("Plaintiff"), through undersigned counsel, propounds the following Interrogatories and Requests for Production of Documents upon Fiorella's on Decatur, Inc. and Famous Bourbon Management Group, Inc. (collectively "Defendants") pursuant to the Federal Rules of Civil Procedure. These requests are made continuing in nature to the fullest extent required by law. You are specifically requested to supplement and amend all of your answers and responses on an on-going basis.

### INSTRUCTIONS AND DEFINITIONS

1.    Each Interrogatory and Request for Production of Documents solicits information and documents within the custody and/or control of the Defendant, including that information obtainable by Defendant from Defendant's attorneys, investigators, agents, employers, and representatives.

2.    Each sub-part of each Interrogatory is to be answered separately.

3.    These Interrogatories are to be answered in detail. If you cannot answer the Interrogatories in full, answer to the extent possible and explain your inability to answer the remainder.

4.     Unless otherwise indicated, all information sought is for the period of time covered by the allegations in Plaintiff's Complaint and First Amended and Supplemental Complaint.

5.     These requests are deemed to be continuing in nature, calling for further responses at such time as additional information or documents become known or reasonably available to you.

6.     If any of the answers to the Interrogatories can be derived from papers, records, tape recordings or documents in your possession, or under your control, such as maintenance records, proposals and invoices, please attach a copy thereof to your answer, or in the alternative, please describe each of said documents with specificity and state where and when these documents will be available to Plaintiff for inspection and copying.

7.     If you contend that the answer to any Interrogatory or Request for Production of Documents is privileged, in whole or in part, or if you otherwise object to any part of any request, state the reasons for such objection, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

8.     If you object to the production of any document on the ground of privilege, provide the following information:

      a.     A description of the document and its subject matter;

      b.     The identity of the author of the document;

      c.     The identity of the person(s) to whom the document was addressed;

      d.     The identity of all persons who received copies of the documents; and

      e.     A description of the nature of the privilege claimed.

9.     Where identification of a document is requested, the following shall be separately stated as to each document:

      a.     its date;

      b.     its exact title;

      c.     the general subject matter of the document;

       d.     the name of the author, his or her business affiliation, presently and at the time the document was prepared, and his or her last known address;

       e.     the name, business affiliation (both presently and at the time he of she received the document), and the last known address of the recipient(s);

       f.     and the identification and location of the files where the original and each copy is normally or presently kept.

10.     Where the identification of a person is requested, the following shall be separately stated as to each person:  the name, current or last known address and phone number.  If such a person is not an individual, but is an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications occurred relating to the matter involved.

11.     As used herein, the use of the singular form of any word includes the plural and vice versa.

12.     As used herein, the collectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     As used herein, "person" shall mean an individual, partnership, proprietorship, corporation, association, and any other kind of business or legal entity.

14.     As used herein, when referring to a person, "identify" means to give the person's full name, present or last known address, and when referring to a natural person, the last know place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery.

15.     As used herein, the pronoun "you" refers to the Defendant and its agents and representatives.

16.     As used here, "document", "documents" or "documentation" shall have the broadest meaning possible pursuant to the Federal Rules of Civil Procedure, including without limitation, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation,

correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletype, telefax, confirmations, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, videotape, records, and motion pictures, and electronic, mechanical, or electric records and representations of any kind including, without limitation, tapes, cassettes, discs, and recordings.

17.     Documents also means any and all information stored in computers, including but not limited to computer software, storage banks, hard disks, electronic mail, back-up programs, and tape back-ups.

18.     As used herein, "correspondence", "communicate" or "communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, telecopier, mail, e-mail, facsimile, or otherwise.

19.     As used herein, "relate to", "relating to" or "in connection with" shall mean directly or indirectly, in whole or in part, commenting on, including, containing, regarding, discussing, reflecting, pertaining to, relevant to, used in connection with, referring to, concerning, describing, evidencing, or constituting, and shall be construed in the broadest sense of the work.

20.     As used herein, "claim" shall mean the Plaintiff's claims as alleged in the Complaint.

21.     "Any" shall mean each and every.

22.     The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in,

beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiffs' records.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all current or putative members of the FLSA Collective Action Class that Defendants and/or their agents have contacted, been contacted by or in any way communicated with regarding this litigation since this litigation was initiated and state the substance of that communication or correspondence.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR DOCUMENTS NO. 1:

All forms used to record hours or wages of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

### REQUEST FOR DOCUMENTS NO. 2:

All documents concerning the payment by Defendants of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation for his or her work.

### REQUEST FOR DOCUMENTS NO. 3:

All documents concerning any review, investigation or opinion pertaining to the legality or propriety of Defendant's non-payment of time-and-one-half overtime pay to Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

### REQUEST FOR DOCUMENTS NO. 4:

All documents concerning any complaints by Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation and/or any individual or entity concerning Defendants' payment for their labor. Include any informal or formal complaints, responses, analyses, settlements or resolutions and all other related documents.

### REQUEST FOR DOCUMENTS NO. 5:

All statements or writings or documents signed or authored or purportedly transcribing or recording statements of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation concerning their employment, pay or leave, or matters related to the claims or defenses herein.

**REQUEST FOR DOCUMENTS NO. 6:**

All communications from Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation to Defendant and/or from Defendant to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 7:**

All communications, including emails, concerning Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation in any way.

**REQUEST FOR DOCUMENTS NO. 8:**

Any handbook or statements of policies pertaining to Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation. Include all prior versions of such handbooks which were applicable to said individuals during their work.

**REQUEST FOR DOCUMENTS NO. 9:**

All documents regarding whether Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation are exempt from the FLSA.

**REQUEST FOR DOCUMENTS NO. 10:**

All documents reflecting or tracking Defendants' monitoring the hours worked by Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 11:**

All documents reflecting or tracking Defendants' payment of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 12:**

All documents, including texts messages or emails written by or to any person who

has investigated or reported on the matters alleged in the Complaint or First Amended and Supplemental Complaint on behalf of the Defendants.

**REQUEST FOR DOCUMENTS NO. 13:**

Any records or personnel file Defendants kept on Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 14:**

Any and all documents which reflect or set forth the job duties and responsibilities during employment of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 15:**

If you claim that Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation did not work for you, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 16:**

If you claim that Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation worked for another entity, named or unnamed, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 17:**

Any and all documents that relate or pertain to the attendance record of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation while employed by Defendant, including, but not limited to, sign in and sign out sheets, time cards and/or computerized time sheets.

**REQUEST FOR DOCUMENTS NO. 18:**

All documents bearing Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation's signature.

**REQUEST FOR DOCUMENTS NO. 19:**

Documents reflecting the gross revenues of any and all entities operated by Defendants, either individually, jointly or with another entity or person for the last 5 years.

**REQUEST FOR DOCUMENTS NO. 20:**

Any and all written contracts or agreements entered into between either Defendant between it and another Defendant and/or between it and an entity operated by that Defendant.

**REQUEST FOR DOCUMENTS NO. 21:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 22:**

Any and all written contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation in whole or in part, in any way.

**REQUEST FOR DOCUMENTS NO. 23:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation in any way, in whole or in part.

**REQUEST FOR DOCUMENTS NO. 24:**

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person that mention, discuss or refer to Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 25:**

All written job descriptions and job duties for Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 26:**

All documents and communications (including emails and text messages) relating to your document and data retention policies and practices, and your preservation of

information relevant to this case, including documents or communications regarding the production of documents in response to discovery issued in this matter.

**REQUEST FOR DOCUMENTS NO. 27:**

All documents and communications relating to hiring and/or supervising Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 28:**

All documents reflecting work schedules for Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation during the period from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 29:**

All tax records and tax documents relating to Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 30:**

All tax records for any entity that your representatives identified as working under the Famous Bourbon "umbrella" for the last three (3) years.

**REQUEST FOR DOCUMENTS NO. 31:**

All payroll records, including compensation records, payroll files (hard copy and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation for the last three (3) years.

**REQUEST FOR DOCUMENTS NO. 32:**

All documents which constitute or pertain to any agreement between Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation and Defendant relating to compensation in effect during the period of the last three (3) years.

**REQUEST FOR DOCUMENTS NO. 33:**

All documents reflecting methods, policies, procedures, guidelines, or practices of Defendant during the period from November 2012 to the present regarding Plaintiff, any

current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 34:**

All documents or other records pertaining to requests by Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation for overtime compensation or payment of minimum wages during the period from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 35:**

All documents that identify the pay rates for Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 36:**

All documents that summarize, describe, or refer to Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation during the last three (3) years.

**REQUEST FOR DOCUMENTS NO. 37:**

All documents tracking the daily work activities or assignments of Plaintiff, any current FLSA Collective Action Plaintiff or any future Collective Action Plaintiff who opts into this litigation.

**REQUEST FOR DOCUMENTS NO. 38:**

Any and all documents identifying the ownership (or those having an ownership interest) and officers of every entity that your representatives have identified as operating under the Famous Bourbon Umbrella, including any agreements between those owners, officers or entities.

**REQUEST FOR DOCUMENTS NO. 39:**

Copies of any correspondence, including texts, emails, letter or other forms of communication or notes regarding the same that Defendants and/or their agents have had with Plaintiff or any putative, current or future FLSA Collective Action Plaintiff since this matter was initiated, including any payments made to any such person.

Respectfully Submitted:


By:  *s/ Mary Bubbett Jackson*
Jody Forester Jackson, (# 28938)
Mary Bubbett Jackson, (# 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 599-5953
Fax:  (888) 988-6499
jjackson@jackson-law.net
mjackson@jackson-law.net

AND

Christopher L. Williams (# 32269)
**WILLIAMS LITIGATION, L.L.C.**
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

Attorneys for Plaintiffs


## <u>CERTIFICIATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon all counsel of record

this the 30th day of December, 2016.

*/s/ Mary Bubbett Jackson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE RICHARDSON

     Plaintiff,

     vs.


FAMOUS BOURBON MANAGEMENT
GROUP, INC. AND FIORELLA'S ON
DECATUR, INC., D/B/A JAZZ CAFÉ,
FIORELLA'S CAFÉ AND BEERFEST.

     Defendants.

_____

CIVIL ACTION NO.: 15-5848


SECTION: H
JUDGE JANE TRICHE MILAZZO


MAGISTRATE: 3
MAGISTRATE DANIEL E. KNOWLES, III

### LAWRENCE RICHARDSON' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FAMOUS BOURBON MANAGEMENT GROUP, INC.

     Lawrence Richardson ("Plaintiff"), through undersigned counsel, propounds the following Interrogatories and Requests for Production of Documents upon Famous Bourbon Management, Inc., d/b/a Jazz Café, Fiorella's Café and Beerfest ("Defendant") pursuant to the Federal Rules of Civil Procedure. These requests are made continuing in nature to the fullest extent required by law. You are specifically requested to supplement and amend all of your answers and responses on an on-going basis.

### INSTRUCTIONS AND DEFINITIONS


     1.     Each Interrogatory and Request for Production of Documents solicits information and documents within the custody and/or control of the Defendant, including that information obtainable by Defendant from Defendant's attorneys, investigators, agents, employers, and representatives.

     2.     Each sub-part of each Interrogatory is to be answered separately.

3.     These Interrogatories are to be answered in detail.  If you cannot answer the Interrogatories in full, answer to the extent possible and explain your inability to answer the remainder.

4.     Unless otherwise indicated, all information sought is for the period of time covered by the allegations in Plaintiff's Complaint.

5.     These requests are deemed to be continuing in nature, calling for further responses at such time as additional information or documents become known or reasonably available to you.

6.     If any of the answers to the Interrogatories can be derived from papers, records, tape recordings or documents in your possession, or under your control, such as maintenance records, proposals and invoices, please attach a copy thereof to your answer, or in the alternative, please describe each of said documents with specificity and state where and when these documents will be available to Plaintiff for inspection and copying.

7.     If you contend that the answer to any Interrogatory or Request for Production of Documents is privileged, in whole or in part, or if you otherwise object to any part of any request, state the reasons for such objection, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

8.     If you object to the production of any document on the ground of privilege, provide the following information:

      a.     A description of the document and its subject matter;

      b.     The identity of the author of the document;

      c.     The identity of the person(s) to whom the document was addressed;

      d.     The identity of all persons who received copies of the documents; and

      e.     A description of the nature of the privilege claimed.

9.     Where identification of a document is requested, the following shall be separately stated as to each document:

      a.     its date;

        b.      its exact title;

        c.      the general subject matter of the document;

        d.      the name of the author, his or her business affiliation, presently and at the time the document was prepared, and his or her last known address;

        e.      the name, business affiliation (both presently and at the time he of she received the document), and the last known address of the recipient(s);

        f.      and the identification and location of the files where the original and each copy is normally or presently kept.

10.    Where the identification of a person is requested, the following shall be separately stated as to each person:  the name, current or last known address and phone number.  If such a person is not an individual, but is an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications occurred relating to the matter involved.

11.    As used herein, the use of the singular form of any word includes the plural and vice versa.

12.    As used herein, the collectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.    As used herein, "person" shall mean an individual, partnership, proprietorship, corporation, association, and any other kind of business or legal entity.

14.    As used herein, when referring to a person, "identify" means to give the person's full name, present or last known address, and when referring to a natural person, the last know place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery.

15.    As used herein, the pronoun "you" refers to the Defendant and its agents and representatives.

16.    As used here, "document", "documents" or "documentation" shall have the broadest meaning possible pursuant to the Federal Rules of Civil Procedure, including without limitation, all written or printed matter of any kind, including the originals and all

non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletype, telefax, confirmations, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, videotape, records, and motion pictures, and electronic, mechanical, or electric records and representations of any kind including, without limitation, tapes, cassettes, discs, and recordings.

17.    Documents also means any and all information stored in computers, including but not limited to computer software, storage banks, hard disks, electronic mail, back-up programs, and tape back-ups.

18.    As used herein, "correspondence", "communicate" or "communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, telecopier, mail, e-mail, facsimile, or otherwise.

19.    As used herein, "relate to", "relating to" or "in connection with" shall mean directly or indirectly, in whole or in part, commenting on, including, containing, regarding, discussing, reflecting, pertaining to, relevant to, used in connection with, referring to, concerning, describing, evidencing, or constituting, and shall be construed in the broadest sense of the work.

20.    As used herein, "claim" shall mean the Plaintiff's claims as alleged in the Complaint.

21.    "Any" shall mean each and every.

22.    The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and

other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiffs' records.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who participated in any way in Defendant's decision to pay Plaintiff in the manner and amount so done.

**INTERROGATORY NO. 2:**

Identify all policies and procedures in place related to the job duties and/or assignments of Plaintiff.

**INTERROGATORY NO. 3:**

Identify all policies and procedures put in place by Defendant to accurately track, record and account for all hours worked per week by Plaintiff.

**INTERROGATORY NO. 4:**

Identify all policies and procedures put in place by Defendant to accurately track, record and account for how much was paid to Plaintiff.

**INTERROGATORY NO. 5:**

Please state by what method Plaintiff was paid by Defendant and how often he was paid.

**INTERROGATORY NO. 6:**

Please describe how employees in the positions held by Plaintiff was scheduled to work each week.

**INTERROGATORY NO. 7:**

Please identify who created work schedules for Plaintiff.

**INTERROGATORY NO. 8:**

Please describe the job descriptions, duties and/or responsibilities while working for Defendant for Plaintiff.

**INTERROGATORY NO. 9:**

Please identify all persons who supervised Plaintiff while he worked for Defendant.

**INTERROGATORY NO. 10:**

Please identify the person or persons who hired Plaintiff work for Defendant.

**INTERROGATORY NO. 11:**

Please identify all procedures whereby Defendant kept track of who it hired during the period from November 2012 to the present.

**INTERROGATORY NO. 12:**

Please identify the person or persons responsible for calculating the amount paid to Plaintiff.

**INTERROGATORY NO. 13:**

Please identify the person or persons responsible for issuing pay to Plaintiff while he were employed by Defendant.

**INTERROGATORY NO. 14:**

Identify and describe all contracts between Plaintiff and Defendant.

**INTERROGATORY NO. 15:**

State the name, address, and job title or capacity of each person from the Department of Labor or any other governmental or investigative that has been in contact with Defendant regarding wages paid to its employees from November 2012 to the present and the date of such contact or investigation.

**INTERROGATORY NO. 16:**

State the name of any person or entity with an ownership interest in Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 17:**

State the name of any person or entity with management interest in Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 18:**

State the gross annual income for Jazz Café, Fiorella's Café and Beerfest for 2012, 2013, 2014 and 2015.

**INTERROGATORY NO. 19:**

     State the relationship between and ownership of Jazz Café, Fiorella's Café and Beerfest.

**INTERROGATORY NO. 20:**

State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**

    All documents concerning Plaintiff including, but not limited to:

    (a) Hours (including dates) of work

    (b) Remuneration

    (c) Bonuses or commissions (or nonpayment of bonuses or commissions)

    (d) Deductions from pay

    (e) Expense reimbursements

    (f) Employment Benefits

    (g) Job duties

    (h) Job performance

    (i) Application for employment

    (j) Job references

    (k) Personnel file

    (l) Cessation of employment

**REQUEST FOR DOCUMENTS NO. 2:**

    All documents concerning Defendant, including but not limited to:

    (a) Relationship to any other Defendant

    (b) Incorporation

    (c) Whether any other individual or entity, named or unnamed, may be liable to Plaintiff herein.

    (d) Employment policies applicable to Plaintiff.

    (e) All registers, statements or other bookkeeping or ledger with respect to the payment of wages or benefits to Plaintiff.

(f) Any agreements under which any individual or entity may be liable for any part of a judgment entered herein.

**REQUEST FOR DOCUMENTS NO. 3:**

All forms used to record hours or wages of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 4:**

All documents concerning whether the Defendant is an enterprise engaged in commerce, including but not limited to, gross revenues of Defendant.

**REQUEST FOR DOCUMENTS NO. 5:**

Documents concerning reports, documentation or communiqué regularly generated by Plaintiff while working for defendant.

**REQUEST FOR DOCUMENTS NO. 6:**

Documents concerning notices, documentation or communiqué regularly sent to Plaintiff by Defendant and/or its agents or others on its behalf.

**REQUEST FOR DOCUMENTS NO. 7:**

All documents concerning your payment of taxes for the labor performed by Plaintiff.

**REQUEST FOR DOCUMENTS NO. 8:**

All documents concerning the payment of Plaintiff for his labor on your operations.

**REQUEST FOR DOCUMENTS NO. 9:**

All documents concerning any review, investigation or opinion pertaining to the legality or propriety of Defendant's non-payment of time-and-one-half overtime pay to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 10:**

All documents concerning communication between any governmental entity and any Defendant regarding overtime, including but not limited to all correspondence sent to the Department of Labor by Defendant and/or its agents or any correspondence received from the Department of Labor by Defendant and/or its agents.

**REQUEST FOR DOCUMENTS NO. 11:**

All documents concerning any complaints by any individual or entity concerning Defendant's non-payment of overtime pay. Include any informal or formal complaints, responses, analyses, settlements or resolutions and all other related documents.

**REQUEST FOR DOCUMENTS NO. 12:**

Any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against you or to indemnify or reimburse for payments to satisfy such judgment or to provide legal representation to you.

**REQUEST FOR DOCUMENTS NO. 13:**

All statements or writings or documents signed or authored or purportedly transcribing or recording statements of Plaintiff concerning their employment, pay or leave, or matters related to the claims or defenses herein.

**REQUEST FOR DOCUMENTS NO. 14:**

All communications from Plaintiff to Defendant and/or from Defendant to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 15:**

All communications, including emails, concerning Plaintiff in any way.

**REQUEST FOR DOCUMENTS NO. 16:**

Any handbook or statements of policies pertaining to Plaintiff. Include all prior versions of such handbooks which were applicable to said individuals during their work.

**REQUEST FOR DOCUMENTS NO. 17:**

All complaints, answers, judgments or settlements of all lawsuits or other legal proceedings involving any Defendant, including any Department of Labor investigations, that relate to the issues alleged in the Complaint.

**REQUEST FOR DOCUMENTS NO. 18:**

All documents or other tangible evidence concerning any of Defendant's affirmative defenses, organized by the defense to which such evidence, if any, pertains.

**REQUEST FOR DOCUMENTS NO. 19:**

Records reflecting all payroll taxes paid and/or submitted by the Defendant to the IRS for the three (3) years prior to the institution of the current litigation.

**REQUEST FOR DOCUMENTS NO. 20:**

All documents regarding whether any Plaintiff are exempt from the FLSA.

**REQUEST FOR DOCUMENTS NO. 21:**

All documents identified in your Rule 26 Disclosures.

**REQUEST FOR DOCUMENTS NO. 22:**

The incorporation documents for Defendant.

**REQUEST FOR DOCUMENTS NO. 23:**

All documents reflecting or tracking Defendant's monitoring the hours worked by Plaintiff.

**REQUEST FOR DOCUMENTS NO. 24:**

All documents reflecting or tracking Defendant's payment of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 25:**

All documents written by or to any person who has investigated or reported on the matters alleged in the Complaint on behalf of the Defendant.

**REQUEST FOR DOCUMENTS NO. 26:**

Any and all documents or other tangible evidence which Defendant will proffer as evidence at trial of this matter. Please identify all such documents, but only produce those documents or pieces of evidence not previously produced in a previously numbered request. However, any documents which have been previously produced should be identified in response to this request but not produced again.

**REQUEST FOR DOCUMENTS NO. 27:**

Any and all documents which support or evidence compensation paid to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 28:**

Any records or personnel file Defendant kept on Plaintiff.

**REQUEST FOR DOCUMENTS NO. 29:**

Any and all documents which reflect or set forth the job duties and responsibilities during employment of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 30:**

If you claim that Plaintiff did not work for you, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 31:**

If you claim that Plaintiff worked for another entity, named or unnamed, produce all documentation that concerns or relates to that claim or belief.

**REQUEST FOR DOCUMENTS NO. 32:**

Any and all documents that relate or pertain to the attendance record of Plaintiff

while employed by Defendant, including, but not limited to, sign in and sign out sheets, time cards and/or computerized time sheets.

**REQUEST FOR DOCUMENTS NO. 33:**

All documents bearing Plaintiff's signature.

**REQUEST FOR DOCUMENTS NO. 34:**

Documents reflecting the gross revenues of Defendant for the last 5 years.

**REQUEST FOR DOCUMENTS NO. 35:**

Any and all written contracts or agreements entered into between you and Plaintiff.

**REQUEST FOR DOCUMENTS NO. 36:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and Plaintiff.

**REQUEST FOR DOCUMENTS NO. 37:**

Any and all written contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff in whole or in part, in any way.

**REQUEST FOR DOCUMENTS NO. 38:**

Any and all documents that relate or pertain to any oral contracts or agreements entered into between you and any third party which refer to, relate to or concern Plaintiff in any way, in whole or in part.

**REQUEST FOR DOCUMENTS NO. 39:**

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person that mention, discuss or refer to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 40:**

All written job descriptions and job duties for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 41:**

All documents and communications relating to your document and data retention policies and practices, and your preservation of information relevant to this case.

**REQUEST FOR DOCUMENTS NO. 42:**

All documents and communications relating to hiring and/or supervising Plaintiff.

**REQUEST FOR DOCUMENTS NO. 43:**

All documents reflecting work schedules for Plaintiff during the period from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 44:**

All tax records and tax documents relating to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 45:**

All tax records for Jazz Café, Fiorella's Café and Beerfest.

**REQUEST FOR DOCUMENTS NO. 46:**

All payroll records, including compensation records, payroll files (hard copy and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 47:**

All documents and communications relating to the compensation of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 48:**

All documents concerning or identifying all time-keeping records applicable to Plaintiff during the period from November 2012 to the present.  This request includes all electronic time-keeping systems, including, without limitation, card swipe, hanging imaging and punch-clock systems, and any other systems used to track work time.  It also includes all records concerning edits, changes, alterations, adjustments of time records, in both electronic and paper form.  This request further includes any summaries, reports, or compilations of hours worked by non-exempt hourly employees.

**REQUEST FOR DOCUMENTS NO. 49:**

All documents reflecting policies, guidelines, or practices pertaining to the administration, preparation, completion, and/or maintenance of timekeeping records for Plaintiff from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 50:**

All documents concerning every time-keeping system or procedure that Defendant has utilized from November 2012 to the present.  This request includes, without limitation, all operational manuals, training manuals, policies and instructions,

and operational updates provided to employees with respect to each time-keeping system. It also includes all such documents provided to you or by you with respect to implementing and operating each system.

**REQUEST FOR DOCUMENTS NO. 51:**

All documents which constitute or pertain to any agreement between Plaintiff and Defendant relating to compensation in effect during the period from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 52:**

All documents reflecting methods, policies, procedures, guidelines, or practices of Defendant during the period from November 2012 to the present regarding Plaintiff.

**REQUEST FOR DOCUMENTS NO. 53:**

All documents or other records pertaining to any employee's request(s) for overtime compensation during the period from November 2012 to the present.

**REQUEST  FOR DOCUMENTS NO. 54:**

All documents or other records pertaining to any employee's concern(s), question(s), and/or complaint(s), whether formal or informal, oral or written, during the period from November 2012 to the present regarding the denial or possible denial of overtime compensation.  This request includes, but is not limited to, a request for any response by Defendant, its managers, and/or other employees to such concern(s), question(s), and/or complaint(s).

**REQUEST FOR DOCUMENTS NO. 55:**

All documents concerning, reflecting, or identifying the time when pay starts during the workday for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 56:**

All documents concerning, reflecting, or identifying the time when pay ends during the workday for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 57:**

All documents that identify the pay rates for Plaintiff.

**REQUEST FOR DOCUMENTS NO. 58:**

All documents that summarize, describe, or refer to Plaintiff from November 2012 to the present.

**REQUEST FOR DOCUMENTS NO. 59:**

All documents tracking the daily work activities or assignments of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 60:**

All insurance policies carried by Defendant, including, but not limited to, liability insurance, worker's compensation insurance, business travel insurance, or automobile insurance, under which a colorable claim for coverage in any manner (*e.g.*, primary, pro-rata, or excess liability coverage or medical expense coverage) might be made for unpaid wages, damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this litigation.

**REQUEST FOR DOCUMENTS NO. 61:**

All human resource manuals, handbooks, policy statements, memoranda, and other documents that pertain to Plaintiff.

**REQUEST FOR DOCUMENTS NO. 62:**

All employee manuals provided to your employees.

**REQUEST FOR DOCUMENTS NO. 63:**

All sworn affidavits or declarations Defendant has collected for the purposes of this action.

**REQUEST FOR DOCUMENTS NO. 64:**

Any and all documents identifying the members and officers of Defendant.

**REQUEST FOR DOCUMENTS NO. 65:**

Any and all documents identifying the relationship between and ownership and management of Jazz Café, Fiorella's Café and Beerfest.

**REQUEST FOR DOCUMENTS NO. 66:**

Documents reflecting all business owned and operated by  Famous Bourbon Management Group, Inc.

Respectfully submitted,

/s/ Mary Bubbett Jackson
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiffs and the FLSA
Collective Plaintiffs

### CERTIFICIATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record

this the 8th day of April, 2016.

/s/ Mary Bubbett Jackson