UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE RICHARDSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-05848**<br>**c/w 17-1093**<br>**APPLIES TO: 17-1093** |
| **FAMOUS BOURBON MGMT GROUP, INC., ET AL** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss under Rule 12(b)(6) filed by defendant Joseph Ascani. Plaintiffs oppose the motion. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Plaintiffs allege that they are employees of individually named Defendant, Joseph Ascani. Plaintiffs filed this lawsuit on February 7th, 2017 on their behalf and on the behalf of those similarly situated. Plaintiffs seek collective action under the Fair Labor Standards Act, alleging that Defendants, including Defendant Joseph Ascani, wrongfully failed to pay appropriate minimum and overtime wages. Defendant Ascani asks the Court to dismiss Plaintiffs complaint against him.

1

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7] However, dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8] The Fifth Circuit defines this standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved on their behalf, the complaint states any valid claim for relief."[9]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[2] *Iqbal*, 129 S.Ct. at 1949
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).
[4] *Iqbal*, 129 S.Ct. at 1949–50.
[5] *Id.*
[6] *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1955).
[7] *Lormand*, 565 F.3d at 255–57.
[8] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).
[9] *Lowery v. Tex. A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997).

## LAW AND ANALYSIS

Defendant claims that no factual allegations were made in the complaint that he is an employer under the FLSA. After the filing of this Motion to dismiss, Plaintiffs filed an amended complaint that purports to cure the deficiencies of which Defendants argued in this motion. The amended complaint individually names Mr. Ascani and alleges that he "directly and indirectly (i) hired and fired employees of the Famous Bourbon Umbrella entities; (ii) set their schedules and work hours; (iii) assigned and monitored their work; (iv) supervised and evaluated their work; (v) set the payroll policies at issue in this litigation and (vi) determined rates of pay."[10] The filing of the amended complaint, therefore, cures the deficiencies identified in the Motion to Dismiss and renders it moot.

## CONCLUSION

For the forgoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 1st day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] Doc. 161-3, at 8.