UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE RICHARDSON<br><br>  Plaintiff,<br><br>  vs.<br><br>FAMOUS BOURBON MANAGEMENT GROUP, INC. AND FIORELLA'S ON DECATUR, INC., D/B/A JAZZ CAFÉ, FIORELLA'S CAFÉ AND BEERFEST.<br><br>  Defendants. | CIVIL ACTION NO.: 15-5848 c/w 17-1093<br><br>Re: No. 17-1093<br><br>SECTION: H<br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE: 3<br>MAGISTRATE DANIEL E. KNOWLES, III |

## **SECOND AMENDED COLLECTIVE ACTION COMPLAINT**

### **INTRODUCTION**

Plaintiff, Adam Weber, ("Plaintiff") brings a claim for unpaid overtime and minimum wages on behalf of himself and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants Famous Bourbon Management Group, Inc., 327 Bourbon Street, Inc. (aka "Temptations"), Temptations, Inc. (aka "Stilettos"), Platinum Bourbon, Inc. (aka "Lipsticks"), Silver Bourbon, Inc. (aka "Mansion on Bourbon " or "Scores"), Brass Bourbon, Inc.  (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), La Beauti, Inc. (aka "Beerfest"), Jaxx's House, Inc. (aka "Jazz Café"), Manhattan Fashion, LLC (aka "Scores West"), Fais Deaux-Deaux, Inc. (aka "Last Call")(which operates five to six beer stands in the French Quarter), Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), Bourbon Burlesque Club, Inc. (aka "Temptations"), Guy Olano, III, Guy Olano, Jr. and Joseph Ascani (collectively "Defendants"), due to Defendants' failure to pay him

1

and the putative FLSA Collective Class the federally-mandated minimum wage for every hour that they worked and failure to pay them at a rate of one and one-half times their regular rates of pay for each hour that they worked in excess of 40 per week, in direct violation of the FLSA. In so doing, Defendants, acted in a coordinated and calculated scheme and with a common practice and purpose, deliberately and willfully violated Plaintiff's and the putative FLSA Collective Class's rights under the FLSA.

1. Plaintiff defines the putative FLSA Collective Action Class as follows:

   All persons employed by Defendants since February 2013 who were paid on a "day rate" basis but were not paid at a rate equal to or higher than the federal minimum wage rate and/or who were not paid at an overtime rate of one and one-half times their hourly rate of pay for each hour worked in excess of 40 per week.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Adam Weber, at all times pertinent hereto was a resident of the Parish of Orleans, State of Louisiana, worked for Defendants at their locations throughout the New Orleans French Quarter and was paid a "day rate" at a rate of between $40 to $65 dollars per shift for at least 8 – 12 hours of work per shift. In this manner, Plaintiff was not paid

the federally-mandated $7.25 per week for every hour that he worked for Defendants. In addition, Plaintiff routinely worked for Defendants in their New Orleans locations for more than 40 hours per week, but was not paid overtime.

5. Named Defendants herein are:

   a. Famous Bourbon Management Group, Inc., a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   b. 327 Bourbon Street, Inc. (aka "Temptations"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   c. Temptations, Inc. (aka "Stilettos"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   d. Platinum Bourbon, Inc. (aka "Lipsticks"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   e. Silver Bourbon, Inc. (aka "Mansion on Bourbon" or "Scores"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   f. Brass Bourbon, Inc. (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   g. La Beauti, Inc. (aka "Beerfest"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

   h. Jaxx's House, Inc. (aka "Jazz Café"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    i. Manhattan Fashion, LLC (aka "Scores West"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    j. Fais Deaux-Deaux, Inc. (aka "Last Call")(which operates five to six beer stands in the French Quarter), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    k. Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    l. Bourbon Burlesque Club, Inc. (aka "Temptations"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    m. Guy Olano, III, individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants;

    n. Guy Olano, Jr., individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants; and

    o. Joseph Ascani, individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants.

6. Upon information and belief, Defendants Guy Olano, III, Guy Olano, Jr., Joseph Ascani and/or the corporate Defendants – which are owned and/or operated or managed by the same person or persons and which employ the same persons and which use the same materials and supplies interchangeably – own and operate several businesses in the New Orleans French Quarter under the "umbrella" of Defendant Famous Bourbon Management Group, Inc., meaning that all scheduling, payroll and employment policies are governed by the policies and procedures promulgated by the Olanos and/or Mr.

Ascani and that although nominally incorporated, these entities all act as a unit operating under the direct control of the Olanos and/or Mr. Ascani.

## COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff brings the claims for unpaid overtime and unpaid minimum wage asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

8. Plaintiff's claims for violations of the FLSA's overtime and unpaid minimum wages may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime and minimum wage claims asserted by Plaintiff are similar to the claims for unpaid overtime and minimum wages of the members of the proposed Collective Action Class.

9. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without minimum wage and/or overtime compensation.

10. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

11. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class.  Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

12. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

13. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## FACTUAL BACKGROUND

14. Plaintiff was hired by Defendants to work in a network of bars/restaurants operated by Defendants in the New Orleans French Quarter under the ownership, operation, management or control of Defendants.

15. At all times material hereto, Plaintiff and the FLSA Collective Action Class were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

16. At all times material hereto, Plaintiff and the FLSA Collective Action Class were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

17. Specifically, Defendants served customers who traveled interstate, used materials and food products from out of state in their products and utilized interstate wires to make financial transactions as a routine part of their business and the services provided to Defendants by Plaintiff and the FLSA Collective Action Class were an integral part of Defendants' interstate business.

18. At all times material hereto, Plaintiff and the FLSA Collective Action Class were the "employees" of Defendants within the meaning of FLSA.

19. At all times material hereto, Defendants, acting through its network of bars and restaurants in the New Orleans French Quarter, were an "enterprise engaged in commerce" within the meaning of FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Class were directly essential to the business performed by Defendants.

22. Even though the bars, restaurants and clubs operated by Defendants are separate locations, they all shared employees, owners, and supplies and were all operated by Defendants Guy Olano, III, Guy Olano, Jr., and/or Joseph Ascani under the self-described "umbrella" of Famous Bourbon Management Group, Inc.

23. Plaintiff and the FLSA Collective Action Class routinely and as part of their regular duties for Defendants, worked interchangeably between Defendants' locations, which operate as a unified entity under a unified general management and policies, including policies regarding payroll, scheduling and employment of Plaintiff and the FLSA Collective Action Class.

24. Plaintiff and the FLSA Collective Action Class routinely worked as many as 80 – 90 hours per week for Defendants, but were paid on a flat day rate basis regardless of how many hours they worked per shift.

25. However Plaintiff and the FLSA Collective Action Class were not paid overtime for all hours in excess of 40 per week they worked for Defendants.

26. In this manner, Plaintiff and the FLSA Collective Action Class plaintiffs were not paid minimum wage for all hours that they worked.

27. They were also not paid time and one-half their rate of pay for all hours in excess of 40 per week that they worked.

**JOINT EMPLOYER ALLEGATIONS**

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Defendants operate a series of bars, restaurants and clubs in the New Orleans area.

30. Although Defendants make a pretense of incorporating each of these locations, they are all owned, managed and operated by Guy Olano, III, Guy Olano, Jr., and/or Joseph Ascani under the self-described "umbrella" of Famous Bourbon Management Group, Inc.

31. Guy Olano, III, Guy Olano, Jr., and Joseph Ascani directed and monitored the work of Plaintiff and the FLSA Collective Action Class at the bars, restaurants and clubs operated by Defendants.  For example, the Olanos and Mr. Ascani directly and indirectly (i) hired and fired employees of the Famous Bourbon Umbrella entities; (ii) set their schedules and work hours; (iii) assigned and monitored their work; (iv) supervised and evaluated their work; (v) set the payroll policies at issue in this litigation and (vi) determined rates of pay.

32. The Famous Bourbon "umbrella" entities, all of which are operated by Defendants, all share the same employees, operate under the same policies and procedures with respect to accounting, management, scheduling, payroll and payment practices (including a blanket prohibition on paying overtime) and were referred to by Defendants to Plaintiff as "the Company."

33. Plaintiff and the FLSA Collective Action Class were paid for all of their work for Defendants through paychecks issued from a checking account owned by Famous Bourbon Management Group, Inc., regardless of where they worked, and their checks were not broken down by hours or locations where they worked.

34. At all times pertinent hereto, Defendants regularly and routinely employed Plaintiff and the FLSA Collective Action Class to work for more than 40 hours per week, but did not pay them overtime for any hours worked in excess of 40 per week.

35. In addition, despite being required to provide Plaintiff a rate of pay that exceeded the federal minimum wage rate, Defendants did not pay Plaintiff and the FLSA Collective Action Class the federally-mandated minimum wage.

36. At all times, Defendants controlled the time, manner and place where Plaintiff and the FLSA Collective Action Class worked. Plaintiff and the FLSA Collective Action Class had no control over the location where they worked for each shift, how long they worked for each shift or the manner in which they performed their work.  This was determined by Defendants collectively.

37. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiff and the FLSA Collective Action Class's "joint employers" under the FLSA because "employment by one Defendant is not completely disassociated from employment by the other Defendant" and therefore "all of the employee['s] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

**COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL OVERTIME REQUIREMENTS**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Defendants, though their various locations in the New Orleans French Quarter, operated as joint employers covered by the overtime pay mandates of the FLSA, and Plaintiff and the FLSA Collective Action Class were entitled to the FLSA's minimum wage and overtime protections.

40. The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

41. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Collective Action Class the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiff and the FLSA Collective Action Class often worked many hours in excess of 40 hours.

42. Plaintiff and the FLSA Collective Action Class were and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

44. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

45. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Class at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

46. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Class of their rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Class suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff and the FLSA Collective Action Class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL MINIMUM WAGE REQUIREMENTS

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Defendants were joint employers covered by the minimum wage mandates of the FLSA, and Plaintiff is entitled to the FLSA's minimum wage protections.

51. The FLSA requires that employees must be paid a minimum hourly wage during an applicable pay period.  29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

52. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Collective Action Class the legally mandated minimum hourly wage during numerous pay periods.

53. Plaintiff alleges that Defendants violated the minimum hourly wage provisions of the FLSA by causing Plaintiff and the FLSA Collective Action Class to have their wages fall below said minimum wage level in that they often failed to pay Plaintiff an amount that reached the federally-mandated rate of $7.25 per hour for each hour worked.

54. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

55. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if he was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that he was not exempt.

56. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

57. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Class at the federally-mandated minimum wage rate when they knew, or should have known, such was and is due.

58. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Class of his rights under the FLSA.

59. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Class suffered lost compensation in the amount of the difference between what he was paid by Defendants and the federally-mandated minimum wage, plus liquidated damages.

60. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **CONSENT**

61. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached to the original Complaint as Exhibit "A".

## **ATTORNEY'S FEES**

62. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Adam Weber, prays that Defendants Famous Bourbon Management Group, Inc., 327 Bourbon Street, Inc. (aka "Temptations"), Temptations, Inc. (aka "Stilettos"), Platinum Bourbon (aka "Lipsticks"), Silver Bourbon/Mansion on Bourbon (aka "Scores"), Brass Bourbon (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), La Beauti, Inc. (aka "Beerfest"), Jaxx's House, Inc. (aka "Jazz Café"), Manhattan Fashion, LLC (aka "Scores West"), Fais Deaux-Deaux, Inc. (aka "Last Call"), Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), Bourbon Burlesque Club, Inc. (aka "Temptations"), Guy Olano, III, Guy Olano, Jr, and Joseph Ascani be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the FLSA Collective Action Class and against Defendants for all damages reasonable in the premises, and demands the following:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

    b.    An injunction prohibiting Defendants from engaging in future minimum wage pay violations;

    c.    Awarding Plaintiff and the FLSA Collective Action Class minimum wage compensation for the hours worked for Defendants;

    d.    Awarding Plaintiff and the FLSA Collective Action Class liquidated damages in an amount equal to the minimum wage award;

e. Awarding Plaintiff and the FLSA Collective Action Class overtime compensation for the hours worked for Defendants in excess of 40 per week;

f. Awarding Plaintiff and the FLSA Collective Action Class liquidated damages in an amount equal to the overtime wage award;

g. Awarding Plaintiff and the FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Awarding Plaintiff and the FLSA Collective Action Class pre-judgment interest and all other interest to which he is entitled;

i. Awarding Plaintiff and the FLSA Collective Action Plaintiffs all other relief to which they are entitled.

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net

AND

s/Christopher L. Williams
Christopher L. Williams (# 32269)
**WILLIAMS LITIGATION, L.L.C.**
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorneys for Plaintiffs and the FLSA Collective Action Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record. In addition, Plaintiff will request that Defendant Manhattan Fashion, LLC waive service.

               s//s/ *Mary Bubbett Jackson*