# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE RICHARDSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-05848**<br>**C/W: 17-1093**<br>**RE: 17-1093** |
| **FAMOUS BOURBON MGMT GROUP, INC., ET AL** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Defendant Guy Olano, III's Motion to Dismiss (Doc. 232). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Adam Weber filed his First Amended Complaint ("Complaint") on June 28, 2017 asserting claims pursuant to the collective action provisions of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 et seq for unpaid overtime and minimum wages on behalf of himself and others similarly

situated.[1] Plaintiff named thirteen business entities and three individuals, including Defendant Guy Olano, III, as defendants. Plaintiff generally alleges that the individual Defendants operated the corporate defendants as a collective enterprise for which Plaintiff worked and that Defendants paid Plaintiff a daily rate that fell below the federally-mandated minimum wage and overtime pay rates.

Defendant Guy Olano, III now moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for the failure to make specific allegations against Olano that he is an employer of Plaintiff. Plaintiff opposes the Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[1] Doc. 226.
[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*

2

will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[8]

## **LAW AND ANALYSIS**

The existence of an employer-employee relationship is an element of both an unpaid minimum wage and unpaid overtime claim under the FLSA.[9] "The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship."[10] Courts should consider whether the alleged employer, "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[11] Individual managers may be held liable as joint employers alongside the companies for which they work when the managers exercise sufficient operating control over plaintiff employees.[12]

Plaintiff's Complaint alleges that Defendant Olano, *inter alia*, "directly and indirectly (i) hired and fired employees of the Famous Bourbon Umbrella entities; (ii) set their schedules and work hours; (iii) assigned and monitored their work; (iv) supervised and evaluated their work; (v) set the payroll policies at issue in this litigation and (vi) determined rates of pay."[13] These are factual allegations that, at the 12(b)(6) stage, are sufficient to state a claim against Olano personally as a joint employer. That the allegations echo the test for

---

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[8] *Lormand*, 565 F.3d at 255–57.
[9] *See* Johnson v. Heckmann Water Res. (CVR), Inc., 758 F.3d 627, 630 (5th Cir. 2014) (overtime); Gray v. Powers, 673 F.3d 352, 355 (5th Cir. 2012) (minimum wage).
[10] Gray v. Powers, 673 F.3d 352, 354 (5th Cir. 2012).
[11] *Id.* at 354 (quoting Williams v. Henagan, 595 F.3d 610, 620 (5th Cir. 2010)).
[12] *Id.* at 357.
[13] Doc. 226 at 8.

establishing a joint employer relationship does not on its own make them conclusory.

## **CONCLUSION**

For the foregoing reasons;

IT IS ORDERED that Defendant's Motion is DENIED.

New Orleans, Louisiana this 15th day of June, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**