UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE RICHARDSON                                  CIVIL ACTION


VERSUS                                               NO: 15-5848
                                                     c/w 18-6573
                                                     c/w 17-1093


FAMOUS BOURBON MANAGEMENT                            SECTION "H"
GROUP, INC., ET AL.

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Unseal Record and/or Judgment
(Doc. 474). For the following reasons, the Motion is **GRANTED IN PART.**

## BACKGROUND

Plaintiffs, individually and on behalf of similarly situated employees,
brought three collective actions against Defendants under the Fair Labor
Standards Act ("FLSA"), all of which were consolidated into the instant suit.
On January 2, 2020, the parties mediated this matter before Magistrate Judge
Knowles. The parties reached a settlement agreement that was put in writing
("the Memorandum of Settlement"). After months of dispute, Plaintiffs filed a
Motion to Enforce and Approve Settlement, which this Court granted on
August 5, 2020. In granting Plaintiffs' Motion to Enforce and Approve
Settlement, this Court also issued a Final Judgment (the "Judgment") (Doc.

1

469), which was filed under seal. Defendants have since appealed this Court's decision to the Fifth Circuit.

Plaintiffs now claim that Defendants are not honoring the terms of the Judgment and therefore ask the Court to unseal the record and/or the Judgment so that Plaintiffs may execute the Judgment. Defendants oppose the Motion to Unseal the Record/Judgment and ask that the Court deny the Motion. In the event that the Court grants Plaintiffs' Motion, Defendants request that the Court leave sealed Exhibit 1 to the Judgment (Doc. 469-1).

## LAW AND ANALYSIS

The public's common law right to inspect and copy judicial records is not absolute.[1] Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[2] "'In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."[3]

The record in this matter was originally sealed in accordance with the terms of the parties' settlement agreement. Accordingly, this Court's Judgment contained the stipulation that "[t]he record and resulting Consent Judgment shall be sealed unless needed for administration, accounting purposes or to enforce the judgment."[4] As Plaintiffs now seek to enforce the Judgment, they argue that its unsealing is proper. Defendants' only argument against unsealing is that they disagree with the substance of Exhibit 1 to the

---

[1] S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 592 (1978).

[2] *Id.* (quoting *Nixon*, 435 U.S. at 598).

[3] *Id.*

[4] Doc. 469 at 3.

Judgment, which allocates how much each Defendant is to pay to each Plaintiff.

It is undisputed that Defendants have not asked this Court to stay the execution of the Judgment. It is also undisputed that this Court has specifically allowed for the unsealing of the Judgment in the event that Plaintiffs seek to have the Judgment enforced. This Court therefore agrees with Plaintiffs that the Judgment should be unsealed at this time. Having considered Defendants' argument, however, this Court also finds that Exhibit 1 to this matter should remain sealed.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Unseal Record and/or Judgment (Doc. 474) is **GRANTED IN PART**. Accordingly;

**IT IS ORDERED** that the Final Judgment in this matter (Doc. 469) be **UNSEALED**.

**IT IS FURTHER ORDERED** that Exhibit 1 to the Final Judgment (Doc. 469-1) remain **SEALED**.

New Orleans, Louisiana this 16th day of October, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3